## MILLER v. GRIFFIN.

### [70 South. 699.]

REPLEVIN.   *Verdict.  Form.  Restoration of property.  Statutes.*
>   Under Code 1906, section 4233, which provides that the judgment
>   for plaintiff in replevin, where defendant gives bond, shall be
>   for the restoration of the property, with damages, a judgment
>   against defendant and the sureties on his bond for damages.
>   only is erroneous.

APPEAL from the circuit court of Forest county.
HON. PAUL B. JOHNSON, Judge.

Replevin by J. L. Griffin against John Miller. From a
judgment for plaintiff, defendant appealed.

Appellee filed suit in replevin to recover of appellant
certain sawmill machinery, described in the declaration
as being in possession of and wrongfully detained by
appellant. On the trial the jury returned the following
verdict:

"We the jury for plaintiff and assess the damages.
at three hundred and eighty-five dollars as shown by an
itemized account as assessed.''

Judgment was accordingly entered:

·"It is therefore ordered and adjudged by the court that
J. L. Griffin, plaintiff, do have and obtain judgment
against John Miller, the defendant, for three hundred and
eighty-five dollars as shown by an itemized account as as-
sessed, also against T. W. Cox, bondsman of the defend-
dant John Miller, for three hundred and eighty-five dol-
lars.

Section 4233 of the Code is as follows:

4233 (3726) *Judgment for Plaintiff.*—If the plaintiff
recover, and the defendant has given bond for the prop-
erty, the judgment shall be against the defendant and the
sureties on his bond, that they restore the property to the
plaintiff, if to be had, or pay him the value thereof, or·

of his interest therein, if a limited one, as assessed by the verdict of the jury, and that they pay to the plaintiff such damages as shall have been assessed by the jury for the wrongful taking and detention, or for the wrongful detention thereof; but if the plaintiff has given bond for the property, the judgment shall be that he retain it, and that he recover of the defendant the damages assessed for the wrongful taking and detention, or wrongful detention, as the case may be. If the plaintiff recover judgment by default, he may have a writ of inquiry to assess the value of the property or the damages for the wrongful taking and detention, or wrongful detention, or both, as the case may be; and judgment shall be rendered therein as upon an issue found for him.''

*Flowers & Brown,* for appellant.

The judgment is erroneous as it merely amounts to a judgment in damages and does not provide for the disposition of the property.

''If the plaintiff recover, and the defendant has given bond for the property, the judgment shall be against the defendant and the sureties on his bond, that they restore the property to the plaintiff, if to be had, or pay him the value thereof . . .'' Section 4233, Code.

The judgment in this record says nothing about the property at all. In the shuffle it seems to have been lost. Appellee at the time he first complained about his junk said he wanted nothing but his machinery. When he entered his judgment he seems to have forgotten about his machinery and thought only of the damages of three hundred and eighty-five dollars. The most lenient and charitable view that can be taken of this case is that the jury intended by their verdict to direct that the property be returned to plaintiff or in case of failure to do so, the defendant pay over to him the amount assessed by them to wit: three hundred and eighty-five dollars. The verdict of the jury is ''We the jury find for the plaintiff,

and assess the damages at three hundred and eighty-five dollars as shown by an itemized account assessed.''

In replevin here the defendant has given bond for the property, if the plaintiff recover, the judgment must be against the defendant and the sureties on his bond, and must be that they restore the property to the plaintiff, if to be had, or pay him the value thereof and if the jury fail to assess the value of the property no judgment can be entered on their verdict. *Drane* v. *Hilzheim,* 13 S. & M. 336; *Bedon* v. *Alexander,* 47 Miss. 254; *Spratley* v. *Kitchens,* 55 Miss. 578; *Clarke* v. *Parker,* 63 Miss. 549; *Atkinson* v. *Foxworth,* 53 Miss. 733; *Whitaker* v. *Godwin,* 53 So. (Miss.) 413.

The verdict of the jury in the case at bar assessed nothing but the damages, or what appears to be damages— and the ~plaintiff's judgment sounds in damages only. No alternative was allowed defendant to return the property or pay the value thereof. In fact no value at all was assessed by the jury. They do not appear to have considered the value of the property at all.

"In replevin, if the jury find for the plaintiff, it must assess the value of such goods as well as the amount due plaintiff and a failure to do this will necessitate a reversal of the judgment.'' *Bedon* v. *Alexander, supra.*

The verdict is silent as to the value. It will not support a judgment and for this and the other reasons stated we respectfully ask that this case be reversed.

*E. A. Anderson* and *Watkins & Watkins,* for appellee.

(4) It is contended by the appellant that the judgment in this case should be reversed because the final judgment was for three hundred and eighty-five dollars, and not in the form provided by the statute; that is to say, that the law requires that in the event the plaintiff shall recover, he shall first recover the property, with the items separately valued, and in default of the property's being restored to him, he shall recover the value thereof.

We wish to call the attention of the court to the fact that while on the verdict to which we previously directed the attention of the court, a money judgment was rendered against the appellant and the surety on his bond, no point whatsoever was made thereon in the lower court. The appellant filed a motion for a new trial, which is elaborate and specific; but in the motion for new trial, absolutely no reference is made to the fact that a money judgment was entered against the appellant, and no exception of any kind or character was taken by the appellant in the court below thereto.

The court will notice that this suit was filed in February of the year 1912, and not tried until June, 1913, and for some time prior to the filing of this suit, the appellant was in possession of the personal property, using the same, and it is very likely that the actual property was probably consumed and used, and both appellee's counsel and appellant's counsel knew that the appellant could not return the identical articles; and, therefore, in the court below, no importance was attached to the fact that a money judgment, instead of the statutory judgment in the alternative was rendered. We repeat in this connection what we have already said in reference to objctions in the court below.

Subdivision number 3 of Rule number 6 is in the following language: "The right of an appellant to obtain a review in this court of any ruling made in the trial court shall not depend in any wise upon his having filed in such court a motion for a new trial, or if such motion has been filed upon the grounds thereof being distinctly specified."

We reaffirm the position which we have previously taken in this brief, that that rule did not in any manner render it unnecessary or less imperative that the appellant should reserve some kind of exception in the court below. In other words, from this record, the judgment which was entered was entered without objection or exception of any kind. We therefore respectfully sub-

mit that the appellant cannot complain of the form of the
judgment.  Both parties probably concluded that a judg-
ment requiring the appellant to restore   the property
would have been a useless and idle provision, proceeding
doubtless upon the theory that the constant use of the
property by the appellant had rendered it by that time
valueless, which we have no doubt in the world was a
fact at the time of the trial of this clause in the court be-
low.   The record is highly suggestive of this theory.

Be this as it may, however, the error complained of in
this respect, if any error at all, is one which is easily cor-
rected by this court without any kind of reversal.   In
other words, if the verdict of the jury was sufficiently
sustained by the evidence, and if there is no other re-
versible error in the record, as a matter of right, this
court should merely enter up the kind of judgment which
the court below should have entered in the premises,
without a reversal of the case, and even without taxing
the appellee with the cost of the appeal.

A similar question was presented in this court in the
case of *Ice Company* v. *Adams,* 75 Miss. 410.   In that
case, on an appeal from an assessment by a municipal
board of *ad valorem* taxes to the circuit court, on the
affirmance of the assessment, the circuit court rendered
a personal judgment against the delinquent tax-payer for
the amount of taxes.   On appeal to this court, it was
held that the form of the judgment was erroneous, that
the only judgment which should have been entered was a
judgment affirming the assessment of   the   municipal
board.   The court, however, held that the judgment was
subject to correction, and entered up the proper judg-
ment which should have been entered, declining to tax
the appellee even with the costs of the court, using the
following language:

"A judgment *in personam* for six hundred and thirty
dollars should not have been rendered.   The judgment
was unnecessary; for the assessor, armed with his ap-
proved assessment roll, had all the authority required

to proceed in the usual manner to collect the taxes. The judgment of the circuit court affirming the additional assessment was correct, and that action of the lower court is hereby affirmed. The judgment *in personam* is vacated and set aside, and inasmuch as the appellant will take nothing substantial because of our setting aside the personal judgment, and because the real question litigated is determined against it, that is to say, because its liability to assessment and taxation is herein declared, the appellant will be taxed with all costs.''

So, in this case, if the court finds that there is no other error in the record which would justify a reversal of the case, then the real questions litigated have been determined against the appellant, a mere correction in the form of the judgment is of no such benefit or advantage to the appellant as would entitle it to have the appellee taxed with the cost in the case. We respectfully submit, however, that appellant should have made this point in the court below, where the form of the judgment could have been corrected upon the slightest suggestion from appellant's counsel, and not having done so, it should be conclusively presumed that on this appeal the appellant, for reasons above stated, acquiesced in the form of the judgment.

HOLDEN, J., delivered the opinion of the court.

The record in this case shows that the judgment of the court below is erroneous, in that it does not comply with section 4233, Code 1906. The damages assessed are excessive.

*Reversed and remanded.*